IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DRIT LP,<br><br>    Plaintiff,<br><br>  v.<br><br>GLAXO GROUP LIMITED and HUMAN GENOME SCIENCES, INC.,<br><br>    Defendants. | C.A. No. 21-844-LPS-CJB |

## MEMORANDUM ORDER

WHEREAS, on July 28, 2016, Plaintiff DRIT LP ("DRIT") sued Defendants Glaxo Group Limited and Human Genome Sciences, Inc. (together, "GSK") in the Delaware Superior Court (*see* D.I. 21 at 2);

WHEREAS, on April 10, 2018, DRIT moved to amend its complaint to add Count III (*see id.* at 3);

WHEREAS, on April 25, 2018, the Delaware Superior Court granted DRIT's motion to amend and deemed the amended complaint filed and served (*see id.*);

WHEREAS, on June 10, 2021, GSK filed a notice of removal of Count III in this Court (D.I. 1);

WHEREAS, on June 24, 2021, DRIT moved to remand this case to the Delaware Superior Court (D.I. 4);

WHEREAS, after full briefing (*see generally* D.I. 5, 8, 9), Magistrate Judge Burke issued a Report and Recommendation (D.I. 21) ("Report") on February 18, 2022, in which he

recommended that DRIT's motion to remand be granted;[1]

WHEREAS, on March 4, 2022, GSK filed objections to the Report (D.I. 22);

WHEREAS, on March 18, 2022, DRIT responded to GSK's objections (D.I. 24);

WHEREAS, the Court has carefully reviewed GSK's objections to the Report and DRIT's response, as well as the underlying briefing on DRIT's motion to remand;[2]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that GSK's objections (D.I. 22) are **OVERRULED**, the Report (D.I. 21) is **ADOPTED**, and the pending portion of DRIT's motion to remand (D.I. 4) is **GRANTED**.

1. A defendant may remove a civil action to federal court by filing a notice of removal no later than "30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Here, it is undisputed that a notice of removal based on Count III was due by May 25, 2018, which was 30 days after the Delaware Superior Court deemed DRIT's amended complaint filed and served. (D.I. 24 at 6) DRIT did not file its notice of removal in this Court until June 10, 2021 – over three years past the deadline. (*See generally* D.I. 1)

2. In cases that implicate patent law, however, the 30-day deadline for removal "may be extended at any time for cause shown." 28 U.S.C. § 1454(b)(2). To decide whether cause has been shown, courts typically apply a four-factor test: "(1) the potential for prejudice to the

---

[1] Judge Burke also denied DRIT's request for costs and fees incurred as a result of GSK filing the notice of removal. (D.I. 21 at 1, 15-16)

[2] The Court reviews the objections and response to the Report *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

other parties, (2) the length of the delay and its impact on the case, (3) the reason for the delay and whether it was within the removing party's control, and (4) whether the removing party has acted in good faith." *Recif Res., LLC v. Juniper Cap. Advisors, L.P.*, 2019 WL 5457705, at *2 (S.D. Tex. Oct. 24, 2019) (citing *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012)). Here, the parties agree that resolution of GSK's objections rests on the application of these four factors. (D.I. 22 at 7; D.I. 24 at 6)

3. On the first factor, the Court agrees with Judge Burke that GSK's delay in removing this case prejudiced DRIT. As DRIT explains:

> GSK filed its notice of removal only after substantial litigation in the Superior Court concerning Count III: (1) GSK filed an opposition to DRIT's motion for partial summary judgment; (2) DRIT filed a reply brief in response to GSK's opposition; (3) GSK moved to dismiss DRIT's claim; and (4) the Superior Court held oral argument on the parties' cross-motions, and is prepared to decide the issue. DRIT expended considerable time, effort, and resources briefing and arguing those motions, which addressed both subject-matter jurisdiction and the merits.

(D.I. 24 at 6-7) (citation omitted) According to GSK, the Report "gets the timeline backwards" because DRIT injected Count III into the case by moving for partial summary judgment before the Superior Court even granted DRIT's motion to amend. (D.I. 22 at 7) To the extent GSK now argues that DRIT "forced GSK to prepare an opposition" before the removal deadline (*id.*), GSK forfeited that argument by not raising it before Judge Burke (*see* D.I. 8 at 11-12). *See, e.g., Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 377 (D. Del. 2014) ("[P]arties objecting to a Magistrate Judge's report or order are required to adhere to the arguments, evidence, and issues they presented first to the Magistrate Judge."). Moreover, if GSK knew that it was going to remove Count III, it easily could have done so instead of

3

allowing litigation on Count III to proceed in the Superior Court. Thus, GSK caused "some prejudice" to DRIT. (D.I. 21 at 10)

4. On the second factor, Judge Burke correctly determined that the length of the delay and its impact on the case favor remand. As DRIT points out, GSK caused the parties' and the Superior Court's resources to be used inefficiently when GSK "allowed proceedings to continue on [Count] III, including briefing on its motion to dismiss and [DRIT]'s motion for summary judgment, and required the Superior Court to hear argument on those motions and write a detailed opinion on the relevant issues." (D.I. 24 at 8) GSK argues that its delay did not have much of an impact on the case because briefing on the motions concluded before time to file a notice of removal expired. (D.I. 22 at 9) Again, GSK forfeited this argument by not raising it in GSK's opposition to the motion to remand. (*See* D.I. 8 at 12; *see also Masimo*, 62 F. Supp. 3d at 377) Even if the argument had been preserved, the Court does not find it persuasive because it "ignores the fact that GSK allowed these motions to proceed to argument and decision after the expiration of the 30-day period, wasting the resources of both the Superior Court and DRIT." (D.I. 24 at 9)

5. On the third factor, the three-year delay was in GSK's control (*see* D.I. 21 at 12), and while there was reason for GSK to proceed in the manner it chose,[3] GSK's reasoning does

---

[3] DRIT filed its original complaint against GSK in the Delaware Superior Court in July 2016, asserting two counts. (D.I. 21 at 2) The Superior Court granted GSK's motion to dismiss Count I, but it allowed Count II to proceed. (*Id.* at 3) Based on facts learned during discovery, DRIT amended its complaint in April 2018 to add Count III. (*Id.*) The damages for Count III (approximately $2 million) were subsumed within the damages for Count II (approximately $85 million). (*See* D.I. 22 at 5) After a hearing, the Superior Court issued an opinion on DRIT's motion for partial summary judgment on Count II and GSK's motion to dismiss Count III. (D.I. 21 at 3-4) The Court denied DRIT's motion on Count II, and because

not absolve it of responsibility for the lengthy delay. GSK attempts to excuse its delay given that Count III was severed and effectively stayed during proceedings on the other two counts. (*See* D.I. 22 at 6) As the Report explains, however, that argument ignores that Count III was severed *sua sponte* by the Superior Court well after GSK's notice of removal was due, leading to the conclusion that GSK "was not looking to conserve anyone's resources." (D.I. 21 at 10, 12) GSK could have removed this action and then agreed to a remand of Count II; then it could have sought a stay of Count III in this Court pending resolution of Count II in state court. It chose not do so. GSK also could have explicitly disclosed to DRIT and the Superior Court that it would remove Count III after proceedings on Count II were completed and sought an agreement that both parties would jointly suggest to this Court that the timing of the delayed removal was supported by good cause. Instead, GSK unpersuasively attempts to blame DRIT by arguing that DRIT delayed in pursuing Count III. (*See* D.I. 22 at 5) DRIT "reasonably counters" that it pursued Count III as soon as it learned of the relevant facts during discovery on the other two counts. (D.I. 21 at 12; *see also* D.I. 24 at 9) In short, the delay is attributable to GSK.

6. Judge Burke concluded that the fourth and final factor is neutral because the record is not clear that GSK acted in bad faith. (D.I. 21 at 12-13) For example, the record does not definitively show that GSK, when it removed the case, "knew it stood to lose on Count III in

---

trial on Count II had the potential to moot Count III, the Superior Court severed Count III for resolution after trial. (*Id.* at 4) At trial, DRIT prevailed on Count II; then, on appeal, the Delaware Supreme Court reversed. (*Id.*) Following remand, the Superior Court revised its judgment, and GSK then promptly filed its notice of removal of Count III in this Court. (*Id.*) At one point, the Superior Court had suggested that such removal of Count III might be possible. (*See* D.I. 1 Ex. 7 at 30)

state court." (*Id.* at 13)[4] The Court agrees with the parties that this factor is properly treated as neutral.

7. Finally, GSK objects to Judge Burke's balancing of the four factors, insisting that "the Report's analysis and conclusions regarding those factors is erroneous in each instance." (D.I. 22 at 10) As discussed above, the Report's analysis and conclusion with respect to each of the four factors was well-supported. The Court further agrees with Judge Burke that "three of the four relevant factors weigh against a finding of cause" under 28 U.S.C. § 1454(b)(2), "with the other being neutral." (D.I. 21 at 14) Because GSK has not shown cause for belatedly filing its notice of removal, DRIT's motion is granted, and this case will be remanded to the Delaware Superior Court for resolution of the pending motions involving Count III.[5]

**IT IS FURTHER ORDERED** that the pending motion to dismiss (D.I. 12) is **DENIED AS MOOT**. The Clerk of Court is directed to **CLOSE** this case.

March 29, 2022
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES CIRCUIT JUDGE

---

[4] GSK is incorrect in its contention that Judge Burke concluded "GSK has ***not*** acted in bad faith." (D.I. 22 at 9 (emphasis added); *see also* D.I. 24 at 10 n.2)

[5] DRIT's motion advances another argument in favor of remand: the Court lacks subject matter jurisdiction because this case does not implicate an issue of patent law that is "substantial." (D.I. 5 at 14-17) (citing *Gunn v. Minton*, 568 U.S. 251 (2013)) Given that GSK's notice of removal was untimely, Judge Burke did not reach the issue of subject matter jurisdiction. (D.I. 21 at 14 n.8) Likewise, GSK's objections do not focus on the issue. (*See* D.I. 22 at 1 n.1) Because the Court agrees with Judge Burke that GSK's notice of removal was untimely, the Court need not and does not reach the issue of subject matter jurisdiction.